## RADCLIFFE *v.* FOTTINGER.

PATENTS; INTERFERENCE; PRIOR DISCLOSURE; PATENTABILITY.

1. In an interference involving an application by H. F. filed January 26, 1910, and one by C. R. filed June 28, 1907, relating to a fluid power

of transmission device, the former applicant, in the absence of intro-
duction of evidence by the latter, was held entitled to an award of
priority by virtue of the disclosure in an earlier application, filed
by him June 19, 1906.

2. In an interference proceeding involving a device for fluid power trans-
mission, it was *held* that the patentability of the counts of the issue
would not be determined. (Following *Putnam* v. *Wetmore*, 39 App.
D. C. 138; *Mell* v. *Midgley*, 31 App. D. C. 534; and *Johnson* v. *Mueser*,
29 App. D. C. 61.)

No. 845.  Patent Appeals.  Submitted November 10, 1913.  Decided Decem-
ber 1, 1913.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from concurrent decisions of the tribunals
of the Patent Office in an interference proceeding, awarding
priority to Hermann Fottinger, the appellee.  The invention
relates to a fluid power transmission device, and the issue is
expressed in five counts, but the first sufficiently illustrates the
nature of the invention, and is here reproduced:

"1. In a hydraulic power transmitting apparatus, the com-
bination with a rotatable driving member, of a driven member
adapted to rotate independently of said driven member, a cas-
ing inclosing said members and adapted to contain a liquid, a
plurality of vanes on said driven member, the vanes on said
driving member being adapted to direct liquid in a direction
which has a radial component to the vanes of said driven mem-
ber, and means for controlling the amount of liquid flowing to
said driven member."

As originally declared, the interference involves an applica-
tion of Hermann Fottinger filed January 26, 1910, and an
application of Carlton R. Radcliffe filed June 28, 1907.  Fot-
tinger filed a motion to shift the burden of proof, based upon
an alleged disclosure in an earlier application filed June 19,
1906, No. 322,395.  The Examiner of Interferences ruled that

this earlier application of Fottinger clearly disclosed the invention, and therefore granted the motion. In this decision he followed the decision of the Primary Examiner. As no testimony was taken by Radcliffe, he was required to show cause, under rule 119, why judgment on the record should not be rendered against him. Thereupon he filed an answer, asserting that the counts of the issue were not patentable to either of the parties, in view of certain references, and that Fottinger was not entitled to the benefit of his earlier application. The Examiner of Interferences refused to consider the question of patentability, and held that Fottinger's earlier application contained a full disclosure of the invention. Priority was therefore awarded Fottinger, and this decision was later affirmed by the Examiners in Chief and then by the Commissioner in a well-considered opinion.

*Mr. E. T. Brandenburg* and *Mr. J. F. Brandenburg* for the appellant.

*Mr. Clair W. Fairbank* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Two questions are here presented: First, whether the disclosure in Fottinger's earlier application "is such a full disclosure as is required by the Revised Statutes of the United States relating to patents," and, second, whether the counts of the issue are patentable to either party in view of certain references. As to the first contention, after an examination of the earlier application, the claims of the issue, and the decisions of the various tribunals of the Patent Office, we have no hesitancy in ruling that the original application fairly disclosed the idea more specifically set forth in this divisional application, and hence that the requirements of the statute were fully met. The question being so free from doubt, and having been so fully treated in the Patent Office, we do not deem a further discussion of it here either necessary or profitable.

In the circumstances of this case, the second question is not open to discussion here. *Putnam* v. *Wetmore,* 39 App. D. C. 138; *Mell* v. *Midgley,* 31 App. D. C. 534; *Johnson* v. *Mueser,* 29 App. D. C. 61. The decision is affirmed. *Affirmed.*